CHARLES H. WATERMAN *vs.* EDGAR M. CUNNINGHAM.

Waldo.   Announced June 26, 1896.   Opinion December 28, 1896.

*Elections.   Ballots.   Stickers.   Stat. 1891, c. 102, § 10.*

The statute of this State regulating voting requires the name of the person desired to be voted for, and not printed on the ballot, to be inserted in the blank space left for that purpose.

A sticker placed over one of the printed names is not a compliance with the statute.

ON REPORT.

This was a friendly procedure to ascertain which of two persons is entitled to an office of common councilman in the city of Belfast, and was instituted for the purpose of ascertaining the legality of using stickers upon ballots under the Australian system of this State.   Thirteen ballots with stickers on them bearing the name of the complainant were cast for the complainant, the stickers having been placed over the name of the respondent.   It was agreed that one or more of the original thirteen ballots should be produced at the argument as a specimen, or specimens, of the kind used, all of them being alike.   They were all thrown out by the counting officers, as being an illegal kind of ballot, no question being made over them at the time.   Had they been counted, the complainant would have been elected by four majority.   Throwing them out because stickers were used would defeat the complainant's election.

Upon these facts the full court was to determine which party should have received the certificate of election, and adjudge the case accordingly.

*R. F. Dunton,* for plaintiff.

There can be no question as to the intention of each of the voters who cast the thirteen ballots.   Their choice is clearly

expressed, and their votes should be counted unless repugnant to the spirit of the law.

The Australian system adopted in this State is commonly called a "secret ballot." In *Curran* v. *Clayton*, 86 Maine, 52, our court say: "Its distinguishing feature is its careful provision for a secret ballot," and the ballots were rejected in that case on the ground that the marks employed, and their location, might be used as distinguishing marks to identify the ballot cast by the voter.

The statute does not require the name to be written, but uses the terms "insert" and "fill in." Even if the statute required the name to be written this would include printing and other modes of making legible words. Rule XVIII, § 6, Chap. 1, R. S.

The use of "stickers," as in this case, instead of violating the secrecy of the ballot, tends to promote its secrecy, for the hand-writing of the voter might be identified, his "sticker" could not.

In the recent Pennsylvania cases of *De Walt* v. *Bartley; Ripley* v. *Lackawanna County*; and *Meredith* v. *Lebanon County*, reported together, (146 Penn. St. 529, 28 Am. State Reports 814) under a statute which reads as follows: "On receipt of his ballot the voter shall forthwith and without leaving the space enclosed by the guard rail, retire to one of the voting shelves or compartments and shall prepare his ballot by marking in the appropriate margin or space a cross (x) opposite the party name or political designation of a group of candidates or opposite the name of the candidate of his choice, for each office to be filled, or by inserting in the blank space provided therefor, any name not already on the ballot;" the court say: "It would be a strained construction to hold that the word 'inserting' as used in the act means inserting by writing. It certainly does not say so, and we see no reason why we should place this construction upon it." To the same effect is *Quinn* v. *Markoe*, (Minn.) 35 N. W. Rep. 263.

The blank space under the names of candidates on the official ballot is left for the convenience of the voter in inserting other names and for no other purpose, and the statute providing that names may be inserted in these spaces should be regarded as directory and not mandatory.

The legislature never intended that the voter should be deprived of his ballot when his choice is clearly expressed, for no other reason than that the name is not inserted in the space left for his convenience, and within the strict letter of the law. It has been repeatedly asserted in both ancient and modern cases that judges may in some cases decide upon the statute even in direct contravention of its terms; that they may depart from the letter in order to reach the spirit and intent of the act. *Holmes* v. *Paris*, 75 Maine, 561.

*W. P. Thompson and N. Wardwell*, for defendant.

The statute is mandatory and not merely directory.

We are not to infer from the use of the word "may" that the voter may insert the name of the candidate for whom he wishes to vote in any other space, or place, than the statute directs, for such a construction would give rise to such loose methods of voting that the objects of the law would be defeated. And, to use the language of the court in *Parvin* v. *Wimberg*, 130 Ind. 561 : "We would be left entirely without any fixed rule by which the officers of elections could be guided in counting the ballots."

Counsel also cited : *Curran* v. *Clayton*, 86 Maine, 42.

SITTING : PETERS, C. J., EMERY, FOSTER, WISWELL, STROUT, JJ.

STROUT, J. Bill in equity to determine whether plaintiff or defendant was elected councilman of Belfast. The printed ballots contained the names of a candidate for mayor, for aldermen and two councilmen, and other officers. The candidates for two councilmen as printed on the ballot, were Edgar M. Cunningham, and under that name was that of William W. Cates. A blank space, as required by law, was left under the last name. Certain ballots were cast, with a sticker, so-called, on which was printed the name of the plaintiff. This sticker was placed on the ballot over the name of the defendant. The question is whether such ballot was legal, (being regular in all other respects,) and entitled to be counted for the plaintiff.

The statute of 1891, c. 102, § 10, provides that in the ballots

printed by authority of the State, "a blank space shall be left *after* the names of the candidates for each different office, in *which* the voter may insert the name of any person, not printed on the ballot, for whom he desires to vote, as candidate for such office." This provision is retained in chap. 267 of laws of 1893. By section 24 of the same chapter, as amended by chap. 267 of the laws of 1893, specific directions as to the preparation of his ballot by the voter, are provided. Among other things a cross (x) is to be made on the ballot "within the square above the name of the party group," if he wishes to vote the entire ticket as printed. But "if the voter shall desire to vote for any person or persons, whose name or names are not printed as candidates on the party group or ticket, *he may erase any name or names which are printed on the group or party ticket, and under the name or names so erased he may fill in the name or names of the candidates of his choice.*"

Nothing is left to intendment. To entitle the vote to be counted, the cross (x) must be made at the place designated by the statute. *Curran* v. *Clayton*, 86 Maine, 42. To vote for a person not printed on the ballot, the person must erase the printed name to which he objects, and *under* the name so erased fill in the name he desires. No other mode is allowed by the statute. Its provisions are plain and specific, and if not followed the vote cannot be counted. In this case, the upper printed name of candidate for councilman was covered by a slip on which was printed the name of the plaintiff. If this could be considered an erasure of the printed name, it cannot be regarded as a filling in of plaintiff's name *under* the name so erased. We are not at liberty to seek for the intention of the voters who cast these ballots. They did not conform to the plain and specific directions of the statute, and were therefore defective and could not be counted. Rejecting these votes, the defendant was duly elected, and he should receive a certificate of election.

*Bill dismissed without costs.*